OPINION
Appellant James Taylor appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted permanent custody of his minor child to the Stark County Department of Job Family Services ("Department.") The following facts give rise to this appeal. On April 17, 2000, the Department filed a complaint for permanent custody alleging appellant's minor child, Hason Taylor, was neglected. The trial court conducted a shelter care hearing on April 10, 2000. At the hearing, the trial court granted temporary custody of the child to the Department and placed the child in foster care. On June 13, 2000, the trial court conducted an evidentiary hearing and best interests hearing on the complaint for permanent custody. Following the hearing, the trial court granted permanent custody of the child to the Department. Appellant timely filed a notice of appeal and sets forth the following sole assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES WHEN THERE WAS AN APPROPRIATE RELATIVE WILLING TO TAKE CUSTODY OF THE MINOR CHILD WHO HAD BEEN IGNORED BY THE DEPARTMENT.
 I
In his sole assignment of error, appellant contends the trial court erred when it failed to consider appellant's mother, Favor Williams, as a possible placement for the minor child, prior to awarding custody to the Department. We disagree. In granting permanent custody to the Department, the trial court found that the minor child could not be placed with either of his parents within a reasonable period of time or should not be placed with either of his parents. Appellant argues that it is the policy and preference of the Department to place children with their relatives. The record indicates that Favor Williams only had contact with the investigative intake worker, Ms. Steinbach, at the emergency shelter care hearing on April 10, 2000. At the permanent custody hearing, Ms. Steinbach testified that she attempted to do a preliminary investigation of Favor Williams as a temporary placement, however, Ms. Williams never provided her with her social security number or date of birth so she could do a criminal record check or determine whether Ms. Williams has a history with the Department. Tr. at 67. We also note that Appellant James Taylor never established paternity of Hason Taylor. Thus, Favor Williams is not the legal grandmother of the minor child, but is merely an alleged relative. As an alleged relative, the trial court could have awarded custody of the minor child to Ms. Williams under R.C. 2151.353(A)(3) as a possible order of disposition. Ms. Williams never filed a motion for legal custody nor did she notify the trial court that she was interested in custody of the minor child. As such, we conclude the trial court did not err when it did not consider Favor Williams as a possible placement for appellant's minor child. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
 ________ Wise, J.
Farmer, P.J., and Edwards, J., concur.